UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THAYNE ORMSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:20-cv-00319-NT |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner seeks relief from a state conviction pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) The State contends the petition was not filed timely in accordance with 28 U.S.C. § 2244(d) and thus asks the Court to dismiss the petition. (Response, ECF No. 3.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request to dismiss the petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In July 2010, Petitioner was indicted on three counts of murder in violation of 17-A M.R.S. § 201(1)(A) and one count of arson in violation of 17-A M.R.S. § 802(1)(A). (State Record at 1, ECF No. 3-1.) A jury trial was held in April 2012 and Petitioner was found guilty on all four counts. (*Id.* at 7.) In June 2012, the Superior Court sentenced Petitioner to life imprisonment. (*Id.* at 6–7.) In October 2013, the Maine Law Court affirmed the conviction and sentence. *State v. Ormsby*, 2013 ME 88, 81 A.3d 336. Petitioner sought

review from the United State Supreme Court; on March 10, 2014, the Supreme Court denied his petition for a writ of certiorari. *Ormsby v. Maine*, 572 U.S. 1006 (2014).

On October 2, 2014, Petitioner filed a state postconviction petition. (State Record at 22.) The Superior Court denied relief in January 2019. (*Id.* at 24–25.) On September 12, 2019, the Maine Law Court denied Petitioner's request for a certificate of probable cause to appeal the postconviction decision. (State Record at 28.)

On September 4, 2020, Petitioner filed the § 2254 petition.

## DISCUSSION

Title 28 U.S.C. § 2254(a) provides that a person in custody pursuant to a judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2244(d), which governs the time within which a petitioner must assert a claim under section 2254, provides:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from such filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner has not established a state government impediment to filing, *id.* § 2244(d)(1)(B), a newly recognized retroactively applicable right, *id.* § 2244(d)(1)(C), or a new factual predicate, *id.* § 2244(d)(1)(D), Petitioner's one-year limitation period for filing the section 2254 petition started when the judgment became final. *See id.* § 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and quotation marks omitted). Accordingly, Petitioner's judgment became final on March 10, 2014, the day the Supreme Court denied his request for a writ of certiorari. *See In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006) (a conviction becomes final—and the one-year period therefore starts to run—when a petition for certiorari is denied").

The limitations period for a section 2254 claim is tolled while a properly filed state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). "[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures." *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (alterations and

3

quotation marks omitted).  The time during which an application is pending includes "the interval between a lower court's entry of judgment and the filing of an appeal with a higher state court."  *Id.* at 20.  The limitation period "restarts when [the] state court completes postconviction review."  *Holland v. Florida*, 560 U.S. 631, 638 (2010).  "[T]he filing of a petition for certiorari [seeking review of a state postconviction proceeding] before [the United States Supreme Court] does not toll the statute of limitations under § 2244(d)(2)."  *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

Here, the one-year limitation period ran for 205 days between March 10, 2014, the date the conviction became final, and October 2, 2014, the date Petitioner filed a state postconviction petition.  The limitations period restarted again on September 12, 2019, the date the Maine Law Court denied a certificate of probable cause, and expired 160 days later on February 19, 2020, more than six months before Petitioner filed the § 2254 petition.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases."  *Holland*, 560 U.S. at 645 (internal quotations omitted).  "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances."  *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control."  *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

Petitioner argues the limitation period should be equitably tolled between March 2014 and October 2014 because he contends that he did not immediately learn of the United States Supreme Court's decision and had limited access to legal materials or the law library at the Maine State Prison. Petitioner also requests equitable tolling between March 2020[1] and September 2020 because he claims that he was prevented from conferring confidentially with his attorney regarding his federal petition due to special procedures as a result of the COVID-19 pandemic.

Petitioner has not stated when he learned of the Supreme Court's decision to deny a writ of certiorari, and he has not described the nature or extent of any restrictions on his access to legal materials or how the limitations prevented him from filing a petition.[2] Petitioner's general and unsupported allegations regarding his ability to file a state postconviction petition are insufficient to entitle Petitioner to equitable tolling in 2014.

As to Petitioner's request for equitable tolling during the COVID-19 pandemic in 2020, with the 2014 time not tolled, the limitation period expired on February 19, 2020, which was before the COVID-19 restrictions were imposed in March 2020. Furthermore, Petitioner has not otherwise established a basis for tolling the time in in 2020. First, Petitioner has failed to explain why—if he was diligently pursuing a federal habeas petition following the Law Court's denial—he was unable to adequately confer with his attorney

---

[1] Petitioner initially requested equitable tolling between February and September 2020 but clarified in his response to the State's motion to dismiss that the pandemic-related restrictions began in March not February. (Reply at 6, ECF No. 6.)

[2] The State also disputes and provides contrary evidence concerning the availability at the Maine State Prison of legal materials to file a state postconviction petition.

in the sixth months following the Law Court's decision and the onset of the pandemic-related restrictions. In addition, Petitioner acknowledges that after the restrictions were imposed, he was able to confer with his attorney via videoconference and he has failed demonstrate that the presence of jail personnel would have prevented Petitioner from conferring with his counsel to the degree necessary to file the federal petition. Equitable tolling thus does not apply to the time in 2020.

A review of the record, therefore, reveals that Petitioner has failed to demonstrate that he "exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez*, 527 F. App'x at 40. Because the petition was filed after the expiration of the limitations period, because equitable tolling does not apply, and because Petitioner has not established any other exception to the statute of limitations, the petition is time barred. Accordingly, dismissal of the petition is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and recommend the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of January, 2021.